## PLEADING IN DIVORCE AND ALIMONY PROCEEDINGS.

Circuit Court of Cuyahoga County.

CLAYTON THOMAS v. ISABELLE THOMAS.

Decided. November 27, 1911.

*Alimony Pendente Lite.—Sufficiency of Petition to Authorize Allowance of.*

In the absence of a motion to make it more definite and certain, a petition for divorce and alimony will authorize an order allowing alimony *pendente lite* where it alleges extreme cruelty on the part of the husband, specifying that he failed to resent insults offered to her by another in his presence, and gross neglect of duty, specifying failure to provide her suitable clothing.

*Wood, Miller & Rothenberg*, for plaintiff in error.
*Bernsteen & Bernsteen*, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Isabelle Thomas is the wife of Clayton Thomas. She brought suit in the court of common pleas for divorce and for alimony.

The case being pending in the court, she made a motion for alimony pending the suit, and the court ordered such alimony paid to her.

It is suggested on the part of the defendant in error that this is not a final order, but we hold that it is, in such sense that error may be prosecuted to it here.

The error complained of is that the court allowed this alimony in a case in which the petition failed to state a cause of action for either divorce or alimony, and it is upon this question that the case is submitted to us.

Without determining whether such alimony could be allowed or not in a case where the petition failed to state a cause of action, it is sufficient for the purpose of this case to find, as we do find, that the petition, unchallenged by any motion to make it definite and certain, states a cause of action.

The petition avers that the defendant was guilty of gross neglect of duty in this, that ever since said marriage of said plaintiff to said defendant, the said defendant has failed to provide for her a proper home, according to her station in life; that he has compelled her to live with his parents, refusing to keep a house himself, and although she has many times requested and demanded that he obtain a residence for himself and live apart from his folks, yet he has refused to do so, and still refuses so to do.

Plaintiff further says that during their married life he has failed to provide her with the necessary clothing, according to her station of life, and said plaintiff has been compelled to ask the bounty of her parents to obtain such clothing.

She says further that the defendant was guilty of extreme cruelty in this, that he has refused to live apart from his folks, and that his mother has insulted said plaintiff repeatedly in both the presence of the defendant and callers, and that she (the mother) has made life unbearable for her, and that when she remonstrated with her husband on the conduct of his mother, he has taken sides with her against said plaintiff.

Without stopping to read further, we think that the petition construed liberally, as the statute requires us to construe it,

sufficiently states a cause of action. Doubtless it would be for the court on the trial to determine whether the facts proved were such as to make the conduct of the defendant extreme cruelty or not. It depends somewhat on the circumstances of the defendant, and is would depend largely, so far as insults and the like are concerned, what such insults consisted of. One can well conceive of insults which might be offered to a wife in the presence of her husband by another party, the failure to resent which might constitute extreme cruelty on the part of the husband, and one may easily conceive of the circumstances which would make the failure of the husband to provide suitable clothing for his wife both neglect of duty and extreme cruelty.

No motion was made in this case to require the plaintiff to make her petition definite and certain, and as against a demurrer, we hold that this petition would be good. So finding, we affirm the judgment of the court below.